LEVY, Respondent, v. ZEMAN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Abraham Levy against Isaac Zeman. Abraham L. Goldstone, for appellant. Aaron Morris, for respondent.

PER CURIAM. The evidence would have justified a judgment against both defendants. It was upon the appellant's own motion that no judgment was rendered against the codefendant. He cannot now be heard to object that his motion was granted. The judgment was not against the weight of evidence. The defendant's story that the services were rendered as a matter of courtesy only is most improbable. Judgment affirmed, with costs.

LEWENGOOD, Respondent, v. KAHN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Samuel Lewengood against Emanuel H. Kahn. Wasserman & Jacobus, for appellant. Leo G. Rosenblatt, for respondent.

PER CURIAM. We are agreed that the record does not present a case that would justify an interference with the discretion exercised by the court at special term; but, in view of the fact that the defendant has died since that determination, leave is granted to the executors, as substituted defendants, to apply anew for a bill of particulars. Order appealed from affirmed, with $10 costs. Order affirmed, with $10 costs.

LIBERMAN et al., Respondents, v. WILSON, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Isaac Liberman and others against Isaac Wilson. Fluegelman & Bach, for appellant. Stern, Singer & Barr, for respondents.

PER CURIAM. In this action, which is for goods sold and delivered, the defendant interposed a general denial. The record is absolutely bare of evidence as to the amount, character, or value of the goods alleged to have been sold. How the justice arrived at the figure for which he awarded judgment it is impossible to guess. The judgment must be reversed, and a new trial granted, with costs to abide the event. Judgment reversed, and new trial granted, with costs to abide event.

LIEBERMANN, Appellant, v. STRAUS, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Paul De L. Liebermann against Annie Straus, formerly doing business as Straus Tire Company. No opinion. Motion denied, without costs.

LIEKENS, Respondent, v. STATEN ISLAND MIDLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by F. Victor Liekens against the Staten Island Midland Railroad Company. No opinion. Motion for reargument, or for leave to appeal to the court of appeals, denied. See 72 N. Y. Supp. 162.

LILWALL et al., Respondents, v. SIESEL, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by George Lilwall and others against Amanda Siesel. Fleischman & Fox, for appellant. D. O'Sullivan, for respondents. No opinion. Judgment affirmed, with costs.

LOCKWOOD, Respondent, v. O'REILLY, Appellant. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by George W. Lockwood against Philip O'Reilly. No opinion. Judgment affirmed by default, with costs.

In re LONG ISLAND LOAN & TRUST CO. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) In the matter of the application of the Long Island Loan & Trust Company to be designated as a depository. No opinion. Application referred to William C. Beecher, and order signed.

LOSCHE, Appellant, v. TAYLOR, Respondent. (City Court of New York, General Term. May, 1901.) Action by George F. Losche against James Taylor. Alvin Summers, for appellant. Theodore Prince, for respondent.

FITZSIMONS, C. J. Upon the argument of this appeal, the respondent's attorney contended that at the trial the methods adopted by the appellant's attorney and the testimony of his witnesses were so confusing that even the trial justice could not make head or tail of this case. The verdict of the jury also shows that they likewise were confused, and lost sight of the issues involved, because, in spite of the fact that the defendant admitted that he owed the plaintiff $25, they found a verdict in the defendant's favor. The evidence has also confused us. In view of all the facts and circumstances surrounding this action, we think that the interests of justice will be best served by granting a new trial. Judgment reversed, and a new trial ordered.

DELEHANTY and SCHUCHMAN, JJ., concur.

LOVELL et al., Respondents, v. ROEBUCK, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by J. Hallett Lovell and others against John Roebuck. Edmund F. Driggs, for appellant. Herbert J. Hindes, for respondents.

PER CURIAM. The plaintiffs' cause of action was abundantly sustained by the evidence. The defendant repeatedly admitted the correctness of the account, except as to a few small items, which appear to have been allowed to him. The counterclaim seems to have been an afterthought, as it was wholly disallowed. It is of no consequence whether the justice was right or wrong in refusing the motion to allow defendant to increase the amount for which he counterclaimed. Judgment affirmed, with costs.